## CIRCUIT COURT OF FAIRFAX COUNTY

In re Estate of
Clifton J. Linne

October 13, 1989

Case No. (Fiduciary) 45247

By JUDGE J. HOWE BROWN

This case is before the Court upon the Motion of the surviving spouse to probate an unsigned copy of a purported will of the deceased spouse. Decedent executed a will in 1957, and that will, fully executed, is still in existence. The Motion alleges that Decedent executed a will in 1980, and an unexecuted copy of that document is presented. Presented with the Motion are affidavits of two persons who swear that they witnessed Decedent and each other execute a document in 1980 or 1981 which Decedent told them was his will. These witnesses do not remember reading the document, but believe, based upon the length of the document, and the date ("[       ] day of March, 1980"), that it is the document they executed. Presented as well are affidavits of the two surviving children of Decedent who affirm that a will was prepared and executed in 1980, and that, to the best of their knowledge, Decedent did not execute a subsequent will or revoke the 1980 will. The two children also disclaim specific bequests in the 1957 will.

The proof offered by these affidavits falls short of what is required to probate a copy of a lost will. When a known will cannot be found in executed form after death, and the will had been in the possession of the Decedent, there is a presumption that the Decedent destroyed the will with the intent to destroy it. The presumption may

be rebutted by clear evidence that the will was in existence at a time when the testator was incapable of destroying it or that it was lost or destroyed through some other means. *Tate v. Wren*, 185 Va. 773 (1946). No such evidence is offered in this case. Nor can the 1980 will be probated simply because all the survivors agree. What the beneficiaries do with their bequests is up to them, but in probating a will the Court is charged to effectuate the testator's wishes.

The copy of the 1980 will cannot be admitted to probate on the basis of the evidence presented.